SO ORDERED.

SIGNED this 16th day of March, 2015.





_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL A. GARCIA, | ) | Case No. 12-10393 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| EDWARD J. NAZAR, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 14-5039 |
| | ) | |
| WILLIAM B. GARCIA Successor | ) | |
| Trustee of the Revocable Inter Vivos | ) | |
| Trustee of Lenora Garcia, u/a/d | ) | |
| November 18, 2008 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

Defendant William Garcia, Trustee of the Lenore Garcia Revocable Inter Vivos Trust, moves for summary judgment on bankruptcy trustee Steven Speth's complaint to avoid and recover a preference.[1] Speth filed that complaint on February 26, 2014 in his capacity as Paul A. Garcia's bankruptcy trustee.[2]

The facts underlying his complaint are virtually identical to those supporting bankruptcy trustee J. Michael Morris's adversary complaint for similar relief in Paul's brother's case (Alex Garcia).[3] In this proceeding, Speth's avoidance complaint initially alleged some elements of both a fraudulent transfer under § 548 and a preference under § 547. Early on, William moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[4] On June 16, 2014, the Court granted William's motion with respect to the fraudulent transfer claim, leaving only the preference claim for trial.[5]

Then, on November 6, 2014 and after completion of discovery, William filed this summary judgment motion and an identical motion in the Morris adversary in

---

[1] Adv. Dkt. 22. Defendant William Garcia, as Trustee of the Revocable Intervivos Trust of Lenore Garcia, appears by his attorney Elizabeth Carson. The bankruptcy trustee, now the successor bankruptcy trustee, Edward J. Nazar, appears by special counsel Timothy J. King.
[2] On December 3, 2014, subsequent to the commencement of this adversary proceeding, Speth resigned as Paul Garcia's bankruptcy trustee and Edward J. Nazar was appointed as successor trustee. Mr. Nazar should be substituted as the plaintiff in this adversary proceeding and the Court has amended the case caption accordingly. But for ease of reference, the Court may continue to refer to Speth as the bankruptcy trustee. On February 26, 2015 Nazar's application to employ Timothy J. King as special counsel for the bankruptcy trustee in this adversary was approved. Dkt. 260.
[3] *J. Michael Morris v. Lenore Garcia Intervivos Trust, et al (In re Alex Garcia)*, Adv. No. 14-5042; Case No. 12-10394 (Bankr. D. Kan.).
[4] Adv. Dkt. 8.
[5] Adv. Dkt. 14.

2

Alex's case.[6] The bankruptcy trustee here adopts trustee Morris's response brief in Alex's case as his own.[7] William argues that because the Lenore Garcia Trust is not an insider, the bankruptcy trustees may not avoid and recover preferential payments made more than 90 days but within one year of Alex's and Paul's bankruptcy filings as 11 U.S.C. § 547(b)(4)(B) allows.

In a reasoned order I entered on March 11, 2015 in the Morris adversary in Alex's case, I concluded that while the Trust itself may not be a statutory insider under § 101(31)(A), the transfer alleged was made to it *for the benefit of the Trust beneficiaries*, all of whom are relatives of Alex (and of Paul).[8] Because relatives are statutory insiders, I denied William's (the Trust's) summary judgment motion. For the same reasons set out in that Order, I DENY it in this one as well.

This adversary proceeding is presently hard set and shall proceed to trial on the bankruptcy trustee's complaint on **March 18, 2015 at 9:00 a.m.**

###

---

[6] Adv. Dkt. 22, 23. *Cf.* Adv. No. 14-5042, Dkt. 32, 33 (William's motion and supporting memorandum of law).
[7] Adv. Dkt. 28; *See* Adv. No. 14-5042, Dkt. 39 (Morris's response brief).
[8] Adv. No. 14-5042, Dkt. 56, Order on Defendant Lenore Garcia Inter Vivos Trust's Motion for Summary Judgment. *See also* 11 U.S.C. § 547(b)(1) (the bankruptcy trustee may avoid transfers "to *or* for the benefit of a creditor").

3